UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAVEL IGOREVICH SIVOKONEV,

                                 Plaintiff,

v.

DR. DIETRICH ZETSCHE, DAIMLER A.G.,
NICHOLAS SPEEKS, MBUSA LLC, SCOTT R. BIELER,
and WEST HERR MOTORS INC.,

                                 Defendants.
_____

<u>DECISION AND ORDER</u>

20-CV-6065L

      Plaintiff, proceeding pro se, brings this action against Daimler A.G., an automobile manufacturer, West Herr Motors, an automobile dealership, West Herr Automotive Group President Scott R. Bieler, and two individual defendants whose relationship to the underlying facts is not specified, Dr. Dietrich Zetsche and Nicholas Speeks. (Dkt. #1). Plaintiff alleges, inter alia, that the defendants manufactured and/or sold him a Mercedes Benz vehicle which was defective. The complaint asserts claims for breach of express and implied warranties, as well as violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., and the Transportation Code, 49 U.S.C. §30116. *Id.*

      Defendants Scott R. Bieler and WHPAM LLC dba Mercedes-Benz of Rochester (pled as West Herr Motors) ("WHPAM") now move to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #7). For the reasons that follow, the motion is granted, and the complaint is dismissed in its entirety, with respect to all defendants.

# DISCUSSION

**I.      Relevant Standards**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). In considering the motion, the court "must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) *(*quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)).[1]

**II.     Plaintiff's Claims Against Individual Defendants**

The complaint names Dr. Dietrich Zetsche, Nicholas Speeks, and Scott R. Bieler (per defendants, the President of West Herr Automotive Group), as defendants. However, plaintiff makes no factual allegations concerning any personal involvement by any of these individuals in the underlying events, and sets forth no basis for imputing liability to any of them. Indeed, other than including them in the caption, the complaint does not even mention Dr. Dietrich Zetsche or Nicholas Speeks, and any connection they might have to the underlying events is inscrutable from the face of the complaint. As such, the complaint fails to state a claim against any of the individual defendants, and plaintiff's claims against them are dismissed.

---

[1] In opposing the instant motion, plaintiff argues that it is untimely because it was made after defendants filed an answer to the complaint. This is incorrect: the docket demonstrates that the motion to dismiss was filed in lieu of a responsive pleading. None of the defendants in this case has filed an answer to the complaint.

**III.     Plaintiff's Breach of Express Warranty Claim**

Plaintiff alleges that on February 27, 2017, he purchased a vehicle from WHPAM which was defective in such a way that on two occasions, it caused the right rear wheel to "lock[] up" while plaintiff was driving, leading to motor vehicle accidents on March 9, 2018 and October 21, 2018.  He generally alleges that the defendants breached an unspecified express warranty concerning the defect.

A claim of breach of express warranty requires proof that such a warranty existed, that it was breached, and that plaintiff relied upon it.  Construing the complaint liberally in plaintiff's favor, it fails to state a claim for breach of express warranty.  Specifically, plaintiff does not identify any specific express warranty made by any defendant, or set forth any representation of any kind upon which he relied to his detriment.

Furthermore, it is well settled under New York law that where a valid purchase agreement conspicuously sets forth a warranty exclusion through the use of bold and/or capital letters, it excludes the enumerated warranties as a matter of law, and the buyer cannot thereafter state a claim for their breach.  *See Martino v. MarineMax Northeast, LLC*, 2018 U.S. Dist. LEXIS 201582 at *10-*11 (E.D.N.Y. 2018).  Here, the plaintiff's purchase agreement, which he attached to the complaint and incorporated therein by reference, explicitly disclaims any express warranties: "**Disclaimer of Express Warranties.** I [the buyer] UNDERSTAND THAT YOU [the seller] EXPRESSLY DISCLAIM ALL EXPRESS WARRANTIES."   (Dkt. #1-1, Exh. A at §5(a)) (bracketed terms added).

Having failed to identify any express warranty made by any defendant, and given that the purchase agreement establishes that plaintiff unequivocally waived any and all express warranties, plaintiff has failed to state a claim for breach of express warranty.   That claim is dismissed.

**IV.     Plaintiff's Claims for Breach of Implied Warranties**

In order to state a claim for breach of the implied warranties of merchantability and fitness for a particular purpose with respect to his automobile, plaintiff must plausibly allege that: (1) his vehicle was defectively designed or manufactured; (2) the defect existed when vehicle left the defendant's control; and (3) the defect is the proximate cause of the plaintiff's damages. *See generally Teixeria v. St. Jude Medical S.C., Inc*., 193 F.Supp.3d 218, 226 (W.D.N.Y. 2016).

Here, plaintiff asserts in conclusory fashion that his vehicle was defective in some manner pertaining to the right rear wheel, and that its defective condition caused his initial motor vehicle accident, in breach of the implied warranties of merchantability and fitness for a particular purpose, and the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq.  (The complaint states that subsequent to plaintiff's initial accident, the vehicle's right rear wheel was "tampered with" by unidentified persons, allegedly leading to the second accident.   The complaint therefore fails to state a claim concerning a manufacturing defect with respect to the October 21, 2018 accident in any event, since the allegation that the wheel was altered after the first accident contradicts any claim that it left the manufacturer in that condition.)   (Dkt. #1 at ¶7(3)(g)).

Conspicuously absent from plaintiff's factual allegations is any description of the precise nature of the alleged defect (i.e., what caused the right rear wheel not to perform properly), and any allegation that the defect existed at the time the vehicle left the manufacturer's control.

Moreover, plaintiff's claim is barred by the explicit terms of the purchase agreement, which states: "**Disclaimer of Implied Warranties.** I [the buyer] UNDERSTAND THAT YOU [the seller] EXPRESSLY DISCLAIM ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."   (Dkt. #1-1, Exh. A at §5(b)) (bracketed terms added).

Again, New York law provides that where a valid purchase agreement conspicuously sets forth a warranty exclusion through the use of bold and/or capital letters (and with respect to the implied warranty of merchantability, use of the word "merchantability"), the buyer cannot thereafter state a claim for breach of the excluded warranties. *See Martino*, 2018 U.S. Dist. LEXIS 201582 at *10-*11. Because plaintiff's purchase agreement conspicuously excludes the warranties of merchantability and fitness for a particular purpose, plaintiff cannot state a cognizable claim for breach of those implied warranties, and/or violation of the Magnuson-Moss Act. Those claims are accordingly dismissed. *See generally Chiarelli v. Nissan North Am., Inc.*, 2015 U.S. Dist. LEXIS 129416 at *28 (E.D.N.Y. 2015) ("Magnuson-Moss Warranty Act claims are derivative of state law warranty claims, and as such, they "stand or fall with [a plaintiff's] express and implies warranty claims under state law"); *Garcia v. Chrysler Grp., LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (same).

**V.     Plaintiff's Claim Concerning Defect Notifications**

Plaintiff's complaint also makes reference to a provision of the Transportation Code, 49 U.S.C. §30116 (mis-identified in the complaint as the "Motor Vehicle Warranty Enforcement Act"), which requires manufacturers to repurchase defective equipment where defects are discovered prior to sale. (Dkt. #1 at ¶14). Here, plaintiff makes no allegation that any defendant was aware, prior to plaintiff's purchase of the vehicle at issue, that it contained any defect. As such, plaintiff has failed to state a claim pursuant to 49 U.S.C. §30116, and that claim is dismissed.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss by defendants Scott R. Bieler and WHPAM LLC dba Mercedes-Benz of Rochester (pled as West Herr Motors, Inc.) (Dkt. #7) is

granted in its entirety. Because the deficiencies in plaintiff's complaint apply equally to all of the named defendants, and because permitting plaintiff's claims against the non-moving defendants to remain would be futile, the complaint is hereby dismissed in its entirety, with prejudice. To the extent that plaintiff's complaint could be interpreted to assert any additional claims arising under New York State law, the Court hereby declines to exercise supplemental jurisdiction over them. Plaintiff's motions for service (Dkt. #2) and for an entry of default judgment (Dkt. #4) are denied as moot.

       IT IS SO ORDERED.

                                                _____
                                                      DAVID G. LARIMER
                                                     United States District Judge

Dated: Rochester, New York
       March 5, 2020.